# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7320 | **DATE** | 2/26/2003 |
| **CASE TITLE** | George S. May Intl Co. vs. Robert T. Woltz et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation is hereby submitted to Judge Manning recommending that the District Court fine defendant Robert Woltz $5,000 for the violation of its order, and also order him to pay the attorneys' fees and costs plaintiff incurred to enforce its rights under th e injunction, from the time it filed its second motion for a Rule to Show Cause in April, 2002 to the present. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed.R.Civ.P.72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Andersen Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995). All matters relating to the referral of this case having been completed, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 27 200 date docketed | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | | 4 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | 03 FEB 26 AM 10:29 | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 2/26/2003 date mailed notice | |
| KF | courtroom deputy's initials | FILED-10 | KF mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MAY INTERNATIONAL COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT T. WOLTZ, a.k.a. THOMAS WOLTZ individually and d/b/a VANGUARD RESEARCH AND DEVELOPMENT LLC, <br><br> Defendant. | No. 01 C 7320 <br><br> Hon. Blanche M. Manning <br> Mag. Judge Mason |

DOCKETED
FEB 2 7 2003

## REPORT AND RECOMMENDATION

Michael T. Mason, United States Magistrate Judge:

In November, 2001, the District Court entered a default judgment against the defendant, Robert Woltz, because of his registration and use of plaintiff's domain name. The judgment and order transferred the name back to plaintiff and permanently enjoined defendant from using the domain name <gsmay.com> or any of several derivations for any purpose. In April, 2002, plaintiff learned that defendant had registered the domain name <georgesmay.biz> and was using it to direct users to a pornographic web site, in violation of the permanent injunction. On plaintiff's motion, the District Court held a hearing on a Rule to Show Cause why the defendant should not be held in contempt of the Court's previous order and transferred this domain name to plaintiff as well.

After defendant's counsel appeared and asked for a continuance on the hearing regarding the Rule to Show Cause, the District Court referred the matter to us. The sole remaining issue was the question of whether plaintiff was entitled to damages based on



defendant's breach of the permanent injunction. We ordered the defendant to file a response and scheduled a hearing on the issue for August, 2002, which we later rescheduled to September 12, 2002 at defendant's request; defendant never filed a response. On the date of the hearing, we received a letter from defendant's wife informing the Court that defendant was too ill to travel. We then struck the hearing date and ordered defendant to provide medical confirmation of his illness, which he did. Since then, neither the Court nor plaintiff has received any communication from defendant. Plaintiff then filed a motion asking that we issue a ruling on the Rule to Show Cause without a hearing. We scheduled a date for the motion; defendant did not appear nor did he file anything or contact the Court. Thus, we informed plaintiff that we would grant his motion for a decision. Based on the arguments presented by the plaintiff, as well as the previous findings of the District Court, we recommend that the District Court GRANT plaintiff's Rule to Show Cause and find that the defendant was in contempt of the permanent injunction order when he registered the domain name <georgesmay.biz>. Further, we recommend that the District Court award plaintiff $5,000.00 in damages as well as attorneys' fees and costs.

Since the District Court has already transferred the domain name and found that defendant violated the injunction by registering one of plaintiff's names for a second time, the only issue left to be decided is one of damages. Defendant previously asserted that, even if he had registered the name, he was not responsible for the fact that the site referred users to a pornographic website; this was the only disputed issue between the parties.

We have the power to hold defendant in civil contempt for violation of the court order

entering the permanent injunction. *See United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). Civil contempt orders are primarily remedial in nature, and seek to make whole the party injured by the violation of a court order. *See Grove Fresh Distrib., Inc. v. John LaBatt Ltd.*, 888 F.Supp. 1427, 1435 (N.D.Ill. 1995). Further, as plaintiff points out, "[t]o hold a party in contempt, the district court must be able to point to a specific decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (internal citations omitted). The violation of the court order need not be willful; a party may be held in civil contempt if it has not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *Am. Fletcher Mortgage Co. v. Bass*, 688 F.2d 513, 517 (7th Cir. 1982) (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2nd Cir. 1981)).

In this case, the District Court's permanent injunction specifically enjoined Woltz from, *inter alia*, using the mark "George S. May" or any derivations which are confusingly similar to it as a domain name or electronic mail address. Further, the injunction prevented defendant from "using, hosting or registering the domain name <gsmay.com> or any derivation thereof as an Internet domain name" or using the George S. May mark or any other name or trademark that might cause confusion with respect to plaintiff's marks. As we explained above, the District Court found that Woltz's registration and use of <georgesmay.biz> as an internet domain name violated the permanent injunction.

We may award damages to plaintiff both because of defendant's violation of the District Court's order and because his actions violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. §§ 1051-1127. Specifically, section 1117(d) provides for

3

damages ranging from $1,000 to $100,000 per domain name "as the court considers just." Plaintiff asks us to impose the maximum penalty against defendant. However, since we granted plaintiff's motion to decide this issue without conducting a hearing or taking any evidence on the exact nature of plaintiff's damages, we decline to impose such a penalty against Woltz. Instead, we recommend that the District Court fine him $5,000 for the violation of its order, and also order him to pay the attorneys' fees and costs plaintiff incurred to enforce its rights under the injunction, from the time it filed its second motion for a Rule to Show Cause in April, 2002 to the present. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 330 (7th Cir. 1995).

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: February 26, 2003

4